UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RON KIZER, on behalf of himself and all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SUMMIT PARTNERS, L.P.,  )<br>)<br>Defendant.  ) | 1:11-CV-38<br><br>Chief Judge Curtis L. Collier |

# MEMORANDUM

Before the Court is a joint motion filed by Plaintiff Ron Kizer, on behalf of himself and all others similarly situated ("Plaintiff") and Defendant Summit Partners, L.P. ("Defendant") (Court File No. 23).[1] The parties request that the Court (1) preliminarily approve their settlement agreement; (2) approve the form and manner of notice to the proposed settlement class; (3) schedule a Final Fairness Hearing for the Court's final consideration and approval of the settlement; and (4) grant final approval of the settlement (Court File No. 23).[2] The Court held a hearing regarding the parties' motion on April 18, 2012, and heard arguments from both Plaintiff's counsel and Defendant's counsel.

---

[1] The parties have also filed a joint motion to file Exhibit A of the settlement agreement under seal (Court File No. 24). The parties request that this document be placed under seal because it contains confidential and sensitive personal employment information about the proposed settlement class members. For good cause shown, the Court **GRANTS** the parties' motion (Court File No. 24) and **ORDERS** that the parties' proposed sealed document (Court File No. 25) be sealed pending further order of the Court.

[2] On August 1, 2011, Plaintiff sought certification of the proposed class in this case (Court File Nos. 13, 22). Because the parties subsequently entered into a settlement agreement and now seek certification of a class for settlement purposes only, the Court **DENIES** Plaintiff's original motion as **MOOT** (Court File No. 13).

For the following reasons, the Court **GRANTS IN PART** the parties' motion (Court File No. 23). The Court **GRANTS** class certification of the proposed settlement class, preliminarily approves the settlement agreement, and approves the form and manner of notice to the settlement class. A Final Fairness Hearing has been set for **June 27, 2012, at 10:30 a.m.** The Court **RESERVES RULING** on the parties' request for final approval of the settlement agreement.

I.   **BACKGROUND**

On February 22, 2011, Plaintiff filed a Class Action Complaint against Defendant in the United States District Court for the Eastern District of Tennessee. In the Complaint, Plaintiff alleges Defendant violated the Worker Adjustment and Retraining Notification Act of 1988 (the "WARN Act"), 29 U.S.C. §§ 2101 *et seq.*, under a "single employer" theory of liability (Court File No. 1 ¶ 1). Although the Complaint states Plaintiff and similarly situated employees nominally worked for or reported to Incentium, LLC, it alleges that Defendant owned, completely controlled, and ordered the shutdown of Incentium, making it an employer for purposes of the WARN Act (*id.*). The Complaint alleges Defendant employed 100 or more employees who worked at least 4,000 hours per week within the United States (*id.* ¶ 33).

The Complaint further alleges Defendant effected a "Plant Closing" as defined by the WARN ACT on or about February 9, 2011, at the facility located at 328 Cherokee Boulevard, Chattanooga, Tennessee (the "Facility") (*id.* ¶¶ 5, 20). As explained in the Complaint, the Plant Closing resulted in a loss of employment for at least 50 employees and at least 33% of the employees at the Facility, excluding part-time employees (*id.* ¶ 35). The Complaint states Plaintiff and other similarly situated employees at the Facility were terminated without cause on or about

2

February 9, 2011, and none received at least sixty-days advance written notice of the termination as required by the WARN Act (*id.* ¶¶ 21-23, 39-40). Moreover, the Complaint alleges Defendant failed to pay Plaintiff and the other similarly situated employees wages and benefits that accrued during the sixty days following their terminations without notice (*id.* ¶¶ 24, 31). In the Complaint, Plaintiff seeks certification of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b) that would include himself and any similarly situated former employee terminated without cause from the Facility on or about February 9, 2011, or who suffered a loss of employment as the reasonably foreseeable consequence of the plant closing *(id.* ¶ 25).

On August 1, 2011, Plaintiff filed a motion for class certification (Court File No. 13). Defendant informed the Court that it had no objection to Plaintiff's motion, nor did it oppose the appointment of Plaintiff as class representative or the appointment of Plaintiff's Counsel as class counsel (Court File No. 22). Defendant also submitted an agreed Class Notice and Order on behalf of the parties (Court File Nos. 22-1, 22-2).

The parties contend they engaged in an extensive negotiation process. Prior to the Court ruling on Plaintiff's motion for class certification, the parties reached a settlement. In their pending motion, they request that the Court preliminarily approve their settlement agreement, approve the form and manner of notice to the proposed settlement class, schedule a Final Fairness Hearing for the final consideration and approval of the settlement, and, finally, approve the settlement (Court File No. 23).

## II.    STANDARD OF REVIEW

Before this Court can approve the parties' settlement agreement, it must determine whether


Case 1:11-cv-00038-CLC-WBC   Document 28   Filed 05/07/12   Page 3 of 17   PageID #: 237

class certification is appropriate for purposes of, and in the context of, settlement. Even though there is "nothing inherently wrong with this practice, this Court must pay undiluted, even heightened, attention to class certification requirements in a settlement context." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 339 (N.D. Ohio 2001) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (internal quotations omitted)).

"In order to obtain class certification, plaintiff must first satisfy Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation." *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002). Additionally, Plaintiff "must demonstrate that the class fits under one of the three subdivisions of Rule 23(b)." *Id.* Here, Plaintiff seeks class certification under Rule 23(b)(3). Rules 23(a) and 23(b)(3) read as follows:

> Rule 23. Class Actions
>
> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
> . . .
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(a), 23(b)(3). A district court enjoys broad discretion in certifying class actions,

but must exercise this discretion within the framework of Rule 23. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996); *see Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011) ("A district court's class-certification decision calls for an exercise of judgment; its use of the proper legal framework does not.").

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart*, 131 S. Ct. at 2551 (quoting *Gen. Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)); *see Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007). "[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." 131 S. Ct. at 2551 (citing *Gen. Telephone Co. of Sw.*, 457 U.S. at 160). The Sixth Circuit has recently articulated, however, that such probing may not always be necessary "because sometimes there may be no disputed factual and legal issues that strongly influence the wisdom of class treatment." *Gooch v. Life Inv. Ins. Co. of Am.*, -- F.3d --, 2012 WL 410926, at *8 (6th Cir. Feb. 10, 2012) (internal citations and quotations omitted).

### III. SETTLEMENT CLASS CERTIFICATION

The parties seek certification of the proposed settlement class pursuant to Rule 23(a) and 23(b)(3). The proposed settlement class consists of:

> 93 former employees of Incentium, LLC who were terminated without cause from their employment at the facility located at 328 Cherokee Boulevard, Chattanooga, Tennessee (the "Facility") on or about February 9, 2011, were terminated without cause within 30 days of February 9, 2011 as part of the closing of the Facility, or

5

>were terminated without cause as the reasonably expected consequence of the closing of the Facility that occurred on or about February 9, 2011, who do not file a timely request to opt-out of the class (the "Settlement class").

(Court File No. 23-1 at 3). Neither party objects to this proposed settlement class definition. The Court will address each requirement under Rule 23 as it pertains to the proposed settlement class.

### A.      Rule 23(a) Requirements

#### 1. Rule 23(a)(1)--Numerosity

The first requirement of Rule 23(a) is that the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "The reason for the [impracticability] requirement is obvious. Only when joinder is impracticable is there a need for a class action device." *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (citing 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.01, at 3-4 (3d ed. 1992)). There is not a strict numerical test for determining the impracticability of joinder. *Id.* (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 n.4 (6th Cir. 1976) (and citations therein)). Instead, "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Telephone Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980). "Apart from class size, factors relevant to the joinder impracticability issue include judicial economy arising from avoidance of a multiplicity of actions, geographic dispersement of class members, size of individual claims, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." *Ham v. Swift Transp. Co., Inc.*, 275 F.R.D. 475, 483 (W.D. Tenn. 2011) (quoting *Newberg on Class Actions* § 3.6 (4th ed. Nov. 2010)).

In the WARN Act context, several courts have found that the numerosity requirement was satisfied when at least 50 employees were in the class. *See, e.g., Smith v. Magnethermic Corp.*, No.

6

4:02CV0980, 2007 WL 3355080, at *2 (N.D. Ohio Nov. 7, 2007) (certifying class of 55 employees); *Balentine v. Triad Int'l Maintenance Corp.*, No. 01-10357-BC, 2002 WL 31749163, at *1-2 (E.D. Mich Oct. 17, 2002) (certifying class of 284 individuals); *Finnan v. L.F. Rothschild & Co., Inc.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (certifying class of 127 employees). In explaining its decision that the numerosity requirement had been met, the district court in *Smith* observed that, despite the relatively small class size, joinder is made impracticable because "relatively small damages suffered by each class member lessens the possibility of litigation of individual claims"; the court further expressed its concern about the encumbrance on judicial resources that would result by having the parties proceed with consolidated lawsuits instead of a class action. 2007 WL 3355080, at *2.

Here, the numerosity test is satisfied. The parties claim the proposed settlement class consists of 93 former employees of Defendant, which is a sufficient class size in the WARN Act context. Moreover, joinder is impracticable when one considers the small size of the individual claims in this case and the high costs associated with litigating this type of suit individually. Finally, allowing the employees to proceed with their claims through a class action rather than through consolidated lawsuits (assuming the case had proceeded to trial) would have been in the interest of judicial economy. Accordingly, the Court concludes Rule 23(a)(1) has been met.

### 2. Rule 23(a)(2)--Commonality

The second requirement of Rule 23(a) is that there should be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The plaintiff should be able to demonstrate the members of the class "have suffered the same injury." *Wal-Mart*, 131 S. Ct. at 2551. "Their claims must depend upon a common contention" and that contention "must be of such a nature that it is capable of classwide resolution–which means that determination of its truth or falsity will resolve

7

an issue that is central to the validity of each one of the claims in one stroke." *Id.* "What matters to class certification . . . is not the raising of common 'questions'--even in droves--but rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (citation omitted).

Here, there are several questions of law or fact common to all of the proposed settlement class members. Some of the questions noted by the parties include "(1) whether the class members lost their employment as a result of 'plant closure' or 'mass layoff' as defined in the WARN Act; (2) whether a sufficient number of employees suffered a 'loss of employment,' as defined in the WARN Act, to trigger an advance notice obligation; (3) whether the Defendant was a 'single employer'; (4) whether Defendant was excused from the 60-day notice requirement under the WARN Act through the 'unforeseeable business circumstances' exception; (5) whether Defendant was excused from the 60-day notice requirement under the WARN Act through the 'faltering company' exception; and (6) whether the Defendant acted in good faith" (Court File No. 23 at 4-5). These questions of law and fact pertain to all of the proposed class members.

The Court further notes that the parties have sufficiently demonstrated that the class members suffered a similar harm. In this instance, Defendant failed to provide the requisite sixty-day notice to its former employees, and those employees were entitled to receive pay for those days without notice under the WARN Act. Although the actual damages for each class member will differ (i.e. taking into account variables such as differing pay rates and dates of termination), the same mathematical formula is used to calculate damages for each class member, and those damages stem from the same type of harm experienced by the entire class. Hence, the commonality test is satisfied.

### 3. Rule 23(a)(3)--Typicality

8

Under Rule 23(a)(3), the Court must find "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Supreme Court has repeatedly held that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Gen. Telephone Co. of Sw.*, 457 U.S. at 156. The plaintiffs should be able to show that their "injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff." *Bacon*, 370 F.3d at 572.

The typicality requirement has been satisfied. Ron Kizer, the proposed settlement class representative, was allegedly terminated without cause from the same facility around the same time period as the other class members in violation of the WARN Act. Thus, the questions of law and fact common to the class also apply to Mr. Kizer. In addition, Mr. Kizer suffered the same harm as the rest of the class in that he failed to receive the requisite sixty-day notice as required by the WARN Act, and he is entitled to receive pay for those days for which he did not receive notice.

### 4. Rule 23(a)(4)--Adequacy of Representation

The fourth requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Gooch v. Life Inv. Ins. Co. of Am.*, -- F.3d – , 2012 WL 410926, at *8 (6th Cir. Feb. 10, 2012) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)). The Sixth Circuit has recently expressed that, while identical interests between the class representative and class are not required, "something stronger than 'shared interests'" is necessary. *Id.* Moreover, with respect to class counsel, plaintiff's attorneys should be "qualified, experienced and generally able to conduct the litigation, and [] consider whether the class members have interests that are not antagonistic to

9

one another." *Beattie*, 511 F.3d at 562-63.

Here, the adequacy-of-representation requirement has been met. Ron Kizer is an adequate class representative given that, as noted earlier, his interests are nearly identical to the other class members and he has suffered a similar harm. There is also no obvious conflict of interest between Mr. Kizer and the other class members. With respect to class counsel, the Court is convinced that the attorneys can adequately represent the class members in this case. Plaintiff and the proposed settlement class are represented by, namely, Lankenau & Miller LLP and the Gardner Firm, P.C. Between these two firms, the attorneys claim to have prosecuted more than 175 WARN actions, at least 70 of which were WARN class actions where one or both were appointed class counsel. Taking all of this into account, the Court concludes the fourth requirement of Rule 23(a) has been satisfied.

### B. Rule 23(b)(3) Considerations

After determining that the Rule 23(a) requirements have been met, the Court must then consider whether Rule 23(b)(3) has been satisfied in this case. As noted earlier, Rule 23(b)(3) requires that the Court find "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In short, the court must determine whether the proposed settlement class satisfies both the predominance requirement and the superiority requirement.

The predominance requirement tests "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *AmChem Prods., Inc.*, 521 U.S. at 623. "[A] plaintiff must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to

10

individualized proof.'" *Beattie*, 511 F.3d at 654 (citation omitted). "Determining whether the plaintiffs can clear the predominance hurdle set by Rule 23(b)(3) also requires [the court] to consider how a trial on the merits would be conducted if a class were certified. Though not a determination on the merits, the Rule 23(b)(3) analysis helps prevent [] the class from degenerating into a series of individual trials." *Rodney v. Nw. Airlines, Inc.*, 146 F. App'x 783, 786 (6th Cir. 2005) (internal citations and quotations omitted). One justification for the predominance requirement is that "[i]t is only where this predominance exists that economies can be achieved by means of the class-action device." *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 448 (6th Cir. 2002) (citing Fed. R. Civ. P. 23(b)(3) advisory committee notes).[3]

Here, even taking into account the differences in the damages each class member will recover, the common questions of law and fact predominate. In a WARN Act case similar in many respects to the instant action, a district court in the Northern District of Ohio observed "the individual factors surrounding each plaintiff's termination would have little effect on the WARN claims." *Smith v. Magnethermic Corp.*, No. 4:02CV0980, 2007 WL 3355080, at *4 (N.D. Ohio Nov. 7, 2007). The court concluded that "[t]he overriding question involves the Defendants' obligation under the WARN Act to provide adequate notice of termination, which affects each class member in the same manner." *Id.* Similarly, here, there are many common questions of law and fact. Among several others noted earlier, the court must determine whether Defendant provided the requisite

---

[3] In *Wal-Mart*, the Supreme Court held that the plaintiffs' claims for back pay were improperly certified under Rule 23(b)(2) because 23(b)(2) does not apply when each class member is entitled to an individualized award of monetary damages. To the extent that individualized damages are allowed in a class action, the Supreme Court made clear that they belong in Rule 23(b)(3) actions in light of the "procedural protections attending the (b)(3) class--predominance, superiority, mandatory notice, and the right to opt out." *Wal-Mart*, 131 S. Ct. 2558.

11

sixty-day notice to the class members and whether there was a "mass layoff" or "plant closure" affecting at least fifty employees. The defenses that Defendant could have raised at trial would also have involved questions of law and fact that pertained to all of the class members. Admittedly, the Court will have to make some individual determinations with respect to each class member's damages. Yet those damages stem from the same general injury experienced by the class members and, according to counsel, is calculated for each class member using the same mathematical formula. Taken as a whole, the majority of the issues in this case apply to the class as a whole and predominate over any individualized determinations that this Court will have to make. Accordingly, the predominance requirement is satisfied.

The Court must also consider whether the superiority requirement has been met. In making this determination, the Court can consider

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Given the small amount of damages for most class members in this case and the fact that there are common issues shared by the class members, the individual interest in controlling the case through separate actions is relatively low. *See Smith*, 2007 WL 3355080, at *5. Moreover, the parties contend they are not aware of any other pending litigation concerning the WARN Act rights of the proposed settlement class members. This Court further notes that concentrating the litigation and settlement of this action in this forum is in the interest of judicial economy. Finally, given that this matter did not go to trial, concerns regarding management of the class action are minor. As it relates to the settlement process, the parties contend they already have

all the names and addresses of the proposed settlement class because this information was recovered from Defendant's records. Hence, the Court finds the superiority factor has been met.

Taken as a whole, the Court concludes the parties have demonstrated that Rule 23(a) and Rule 23(b)(3) have been satisfied. Accordingly, the Court will certify Plaintiff's proposed settlement class. This class certification is for purposes of settlement only.

**IV.     PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

This Circuit follows a three-step process for approving class action settlements: there must be preliminary approval of the proposed settlement; the class members must be provided notice of the proposed settlement; and, after a hearing, there must be final approval of the settlement. *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)) (additional citations omitted). The standard for approval is "whether the proposed settlement is fair, adequate, and reasonable under the circumstances, and whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *Id.* (citing *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990)) (additional citations omitted). A court should base its preliminary approval of the proposed settlement agreement "upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement." *Id.* (citing *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 369 (S.D. Ohio 1990)). The Court should determine that the settlement is not illegal or collusive. *Id.* (citing *Vukovich*, 720 F.2d at 921; *In re Dun*, 130 F.R.D. at 369).

Prior to giving final approval of the settlement, the Court should consider the following

13

factors:

> (1) the plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the judgment of experienced trial counsel; (5) the nature of the negotiations; (6) the objections raised by class members; and (7) the public interest.

*Berry v. Sch. Dist. of City of Benton Harbor*, 184 F.R.D. 93, 98 (W.D. Mich. 1998); *see Vukovich*, 720 F.2d at 922-23; *In re Dun*, 130 F.R.D. at 371. For purposes of granting preliminary approval, a court is not bound to consider all of these factors. This Court, however, will consider some of these factors to the extent they are relevant to the motion before this Court.

With respect to the plaintiff's likelihood of success on the merits, both parties contend they would have had strong cases had they proceeded to trial. Plaintiff's counsel avers Plaintiff and the class members may have had a claim potentially worth $900,000. However, because Defendant contends it has no obligation or liability under the WARN Act in this case, there is also a high likelihood that the class may have walked away with nothing. Without making any determinations on the merits of this case, the Court concludes that the parties' decision to settle ensures that the settlement class members will receive relief in some form. The settlement amount is $275,000, to be distributed among the class members after taking out attorneys' fees and a small fee for the services of the class representative.

The Court has considered the nature of the negotiations, the judgment of trial counsel, and the concerns regarding time and expense that may have arisen had the parties proceeded to litigate this case. Counsel for both parties claim they engaged in extensive negotiations over several months to reach a settlement. The attorneys also contend they engaged in arms length, good faith negotiations, and they believe the settlement is fair and reasonable. Both parties are represented by

experienced counsel and, at this stage of the settlement approval process, the attorneys have given the Court no reason to believe their efforts were collusive or that they were acting outside the interests of the parties. The Court further notes that it appears counsel carefully weighed the decision to settle after taking into account the fact that this case involved several difficult issues that likely would have resulted in both costly and time-intensive litigation.

Accordingly, the Court will preliminarily approve the settlement agreement. The Court makes no decision with respect to the parties' request for final approval of the proposed settlement at this stage of the settlement approval process. The Court will have an opportunity to delve further into whether the settlement is "fair, adequate, and reasonable" at the Final Fairness Hearing in this case.

## V.     NOTICE AND HEARING

### A.     Form and Manner of Notice

The parties have requested that the Court approve the form and manner of their notice to the proposed settlement class. After reviewing the parties' notice, the Court concludes that the form satisfies the requirements of Rule 23(c)(2)(B). Among other things, the notice form clearly describes the nature of the action, defines the settlement class, and lists the various WARN Act claims, issues, and defenses applicable to this case. Class members are informed that the settlement agreement is binding should the court grant final approval. They are also informed that they have the option of making an appearance personally or by counsel. The notice explains to class members that they have the option to object to the proposed settlement as well as the award of attorneys' fees. Finally, an "opt-out" form is enclosed for class members to fill out should they desire to not be bound by the

settlement agreement. At the hearing, counsel informed the court that it would update the notice form by including dates discussed at the hearing on this motion pertaining to the "opt-out" deadline, the objection deadline, and the Final Fairness Hearing date.

The Court is also satisfied with the manner of notice. Rule 23(c)(2)(B) requires that parties give the class members "the best notice practicable under the circumstances." The parties contend they already have the contact information for the settlement class members, which was obtained by reviewing past employment records. Upon entry of this Court's order, the parties expressed that they will immediately begin mailing notices by first class mail, postage prepaid, to the last known address of each settlement class member. At the hearing, the parties also explained their plan for locating class members who fail to receive the initial mailing.

Based on the Court's review of the proposed notice form and the parties' arguments, the Court approves the parties' form and manner of notice.

### B.     Final Fairness Hearing

At the hearing, the Court questioned counsel as to an appropriate date for setting the Final Fairness Hearing. After hearing from counsel, the Court determined that a period of sixty days would be sufficient to ensure class members received notice and had sufficient time to object or opt-out of the settlement. Accordingly, the Final Fairness Hearing is set for **June 27, 2012, at 10:30 a.m.**

### VI.    CONCLUSION

In sum, the Court **GRANTS IN PART** the parties' joint motion (Court File No. 23). The Court grants class certification of the proposed settlement class, preliminarily approves the

16

settlement agreement, and approves the form and manner of notice to the settlement class. A Final Fairness Hearing has been set for June 27, 2012 at 10:30 a.m. The Court **RESERVES RULING** on the parties' request for final approval of the settlement agreement.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

17

Case 1:11-cv-00038-CLC-WBC  Document 28  Filed 05/07/12  Page 17 of 17  PageID #: 251